**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:17-CV-00102-TBR-LLK**


SUSAN KAY DILLON                                                    PLAINTIFF


v.


COMMISSIONER OF SOCIAL SECURITY                      DEFENDANT


## MEMORANDUM OPINION


Plaintiff Susan Kay Dillon brought this action pursuant to 42 U.S.C. § 405(g) to obtain

judicial review of the Commissioner of Social Security's decision to deny her claim for Social

Security disability benefits. [DN 1]. The Court referred the action to the Magistrate Judge for a

report and recommendation pursuant to 28 U.S.C. § 636. [DN 7]. The Magistrate Judge

recommended that the Court affirm the Commissioner's final decision and dismiss Dillon's

Complaint. [DN 39]. Subsequently, Dillon filed an Objection to the Magistrate Judge's Findings

of Fact and Conclusions of Law and Recommendation, [DN 40], and the Commissioner responded,

[DN 42]. Having reviewed the Administrative Record, the parties' submissions, and the applicable

law, the Court will **ADOPT** the Magistrate Judge's Report and Recommendation ("R&R") [DN

39], and **OVERRULE** Dillon's Objection, [DN 40]. The Court will enter a separate Order and

Judgment consistent with this Memorandum Opinion.


## BACKGROUND

On May 14, 2014, Dillon filed a Title II application for disability insurance benefits. [DN 31-1 at 684]. After this claim was denied at the administrative level, Dillon was granted a hearing in front of an Administrative Law Judge ("ALJ") on February 11, 2016. *Id.* at 685. The ALJ denied Dillon's claim in a decision dated March 25, 2016. *Id.* at 695. Using the traditional five-step evaluation for disability benefits, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ made the following findings: First, Dillon had not engaged in substantial gainful activity since February 21, 2014. [DN 27-2 at 132]. Second, Dillon has the following severe impairments: fibromyalgia, obesity, depression, and anxiety. *Id.* Third, Dillon's impairments do not satisfy the clinical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 133. Fourth, Dillon has the residual functional capacity ("RFC") to perform light work, but she is not capable of performing past relevant work. *Id.* at 134, 140. Finally, the ALJ concluded that Dillon was not disabled because she retains the ability to perform a significant number of unskilled, sedentary jobs. *Id.* at 141.

On April 28, 2017, the Appeals Council denied Dillon's request for review of the ALJ's decision. [DN 38 at 716]. Dillon then filed a Complaint with this Court for judicial review of the Commissioner's decision to deny her claim for Social Security disability benefits. [DN 1].

## LEGAL STANDARD

It is well-settled that the Court reviews the objected-to portions of a report and recommendation *de novo.* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Its review of the Commissioner's determination is, of course, more deferential. *See* 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The scope of that inquiry is limited to (1) "whether the findings of the ALJ are supported by substantial evidence" and (2) "whether the ALJ applied the correct legal standards." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley*, 581 F.3d at 405–06). "Substantial evidence is defined as 'more than a

scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if substantial evidence also supports the opposite conclusion, *see Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)." *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011). "[H]owever, 'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## DISCUSSION

As recited above, the scope of this Court's inquiry is limited to (1) "whether the findings of the ALJ are supported by substantial evidence" and (2) "whether the ALJ applied the correct legal standards." *Miller*, 811 F.3d at 833. Thus, the Court will address the arguments of Dillon's Objection as they apply within this inquiry. First, Dillon contends that the Magistrate Judge's misidentification of Dr. Monte Rommelman as a psychiatrist affects the weight given to his report regarding Dillon's physical limitations. [DN 40 at 745]. Second, Dillon asserts that Dr. Rommelman's RFC is material to the disability determination. *Id.* at 747. Finally, Dillon argues that her inability to work due to inattentiveness and drowsiness were "grossly underappreciated" by the ALJ. *Id.* at 749. The Court will address each argument in turn.

### I. Misidentification of Dr. Rommelman

First, Dillon asserts that the Magistrate Judge's misidentification of Dr. Rommelman as a psychiatrist, rather than a physiatrist, affected the weight the Court should have given his RFC. *Id.* at 745. Specifically, Dillon argues that while a psychiatrist specializes in mental health, physiatrists treat a wide variety of medical conditions affecting the brain, spinal cord, nerves, bones, and joints. *Id.* at 746. Given that Dillon's conditions are neurological and musculoskeletal, she claims a physiatrist's opinion should be given more weight than a psychiatrist's opinion. *Id.*

In the R&R, the Magistrate Judge briefly identifies Dr. Rommelman as "Plaintiff's treating psychiatrist." [DN 39 at 736]. Whether Dr. Rommelman is a psychiatrist or a physiatrist had no real effect on the Magistrate Judge's findings. Rather, he rejected Dillon's contention that the ALJ's decision was unsupported considering Dr. Rommelman's RFC on the basis that it was new evidence submitted after the ALJ's decision. *Id.* at 738. As will be discussed below, Dillon was required to show that the new evidence was material to the ALJ's decision and that there was good cause for the failure to incorporate it into the record during the prior proceeding. Since Dillon failed to allege both materiality and good cause, the Magistrate Judge rejected her argument. *Id.* Accordingly, the Court fails to see how the Magistrate Judge's misidentification of Dr. Rommelman as a psychiatrist would constitute anything but harmless error. *See Brunner v. Berryhill*, No. 3:15-CV-00907-TBR, 2017 WL 658843, at *6 (W.D. Ky. Feb. 17, 2017). Thus, Dillon's objection is overruled.

## II. Materiality of Dr. Rommelman's RFC

Dillon's second objection involves the materiality of Dr. Rommelman's RFC. [DN 40 at 747]. After the ALJ's final decision was issued in March 2016, Dr. Rommelman completed an RFC based on Dillon's primary diagnosis of fibromyalgia. [DN 27-7 at 671–76]. Dillon then filed the current action, arguing in part, that the ALJ's decision to deny her disability claim was

unsupported in light of Dr. Rommelman's new assessment. [DN 1 at 686]. However, this argument is without merit. "Only evidence in the record below can be considered when determining whether or not the ALJ's opinion was supported by substantial evidence." *Bass v. McMahon*, 499 F.3d 506, 512–13 (6th Cir. 2007). "The only method to have new evidence considered is to ask for a sentence six remand under 42 U.S.C. § 405(g)." *Id.* at 513. Although Dillon did not specifically request a sentence six remand, the R&R considered whether Dr. Rommelman's RFC met the sentence six criteria. [DN 39 at 736–38].

"Sentence six . . . allows a remand to develop additional evidence in the record, 'but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.'" *Bass*, 499 F.3d at 513. "New evidence is material only if there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with new evidence." *Miller*, 811 F.3d at 839 (internal quotations omitted). Generally, "good cause" is present "if the new evidence arises from continued medical treatment of the [Plaintiff's medical] condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Sec'y of Health & Human Servs.*, No. 85-1654, 802 F.2d 458, 1986 WL 17488, at *1 (6th Cir. Aug. 19, 1986) (citing *Wilson v. Sec'y of Health & Human Servs.*, 733 F.2d 1181 (6th Cir. 1984); *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551 (6th Cir. 1984)). The Magistrate Judge found that Dillon failed to prove that Dr. Rommelman's RFC was material or that there was good cause for her failure to incorporate the evidence during the prior proceeding. [DN 39 at 738]. Dillon objected to this finding, claiming that the "RFC was material as it was a culmination of continued medical assessment and treatment of the Plaintiff and was supported by previously submitted medical records generated by Dr. Rommelman and other providers in his practice." [DN 40 at 747].

The new evidence at issue in this case is a "Physical Residual Functional Capacity Report" in which Dr. Rommelman merely entered check marks in blanks regarding Dillon's limitations due to fibromyalgia. [DN 27-7 at 671–76]. The Sixth Circuit has "cast doubt on the usefulness of these forms," and noted that "administrative law judges may properly give little weight to a treating physician's 'check-off' form that 'did not cite clinical test results, observations, or other objective findings.'" *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016). Since these types of records are not given significant weight by ALJs, there is a low probability that the outcome of Dillon's hearing would have been different if the RFC had been presented. Moreover, the Objection to the R&R states that Dillon, "[f]earing a lackluster review" of the medical record on appeal, "sought the RFC from Dr. Rommelman in an effort to direct the Defendant/ALJ to the pertinent information contained in the record . . . ." [DN 40 at 748]. This statement, coupled with the language of Dillon's objection itself (the RFC "was supported by previously submitted medical records" *Id.* at 747), suggest that Dr. Rommelman's report does not offer any new evidence that would have caused the ALJ to reach a different disposition of the disability claim. Finally, even if the RFC was material, Dillon did not establish good cause for the failure to incorporate the evidence into the record in a prior proceeding. Therefore, there is no basis for the Court to remand this case to develop additional evidence in the record pursuant to 42 U.S.C. § 405(g). Furthermore, because Dillon failed to meet the sentence six criteria, the new evidence cannot be considered when determining whether or not the ALJ's opinion was supported by substantial evidence. Thus, Dillon's objection is overruled.

### III. Dillon's Inability to Work Due to Inattentiveness and Drowsiness

Dillon's third objection to the R&R asserts that her inability to work due to inattentiveness and drowsiness were grossly underappreciated by the ALJ. [DN 40 at 749]. She claims the medical

record includes references to trouble sleeping due to pain, feeling groggy from medication, and worsening "fibro fog." *Id.* Additionally, Dillon contends the ALJ failed to consider that driving to work during severe drowsiness could lead to potential accidents. *Id.* However, there is no support for Dillon's argument that the ALJ did not consider how inattentiveness and drowsiness affected Dillon's ability to work. Rather, the ALJ acknowledged in her decision that Dillon has "moderate difficulties" with concentration, [DN 27-2 at 134], but found that "overall, she is alert" and "focused." *Id.* at 138. Additionally, the ALJ noted that while Dillon testified that her "medication causes drowsiness," "she has not alleged any severe side effects to medication to her treating providers." *Id.* Similarly, Dillon "reported on two pain questionnaires that medication did not cause side effects." *Id.* Thus, in light of the evidence before her, the ALJ reasonably concluded that Dillon's alleged inattentiveness and drowsiness do not prevent her from performing full-time work within the limitations of the residual functional capacity assessment. *See Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 665–66 (6th Cir. 2004) ("Although Essary testified that she suffered from dizziness and drowsiness as a result of her medications, Essary's medical records make no indication that Essary reported such side effects to any of her physicians. Thus, based on the record before him, the ALJ did not err in finding that Essary suffered no adverse side effects from her medications."). Therefore, the ALJ's findings must be affirmed.

## CONCLUSION

In summary, after engaging in the appropriate inquiry, the Court finds that the ALJ's decision was supported by substantial evidence. Thus, the Court will **ADOPT** the Magistrate Judge's Report and Recommendation, [DN 39], and **OVERRULE** Dillon's Objection, [DN 40].

**Thomas B. Russell, Senior Judge**
**United States District Court**
September 23, 2019

CC: Attorneys of Record